**Michael THOMASON, Plaintiff–Appellant,**

v.

**Robert COBLE, Dr.; Chris Harvell, Nurse; CCA/South Central Correctional Facility, Defendants–Appellees.**

No. 03–5047.

United States Court of Appeals, Sixth Circuit.

June 11, 2004.

Michael Thomason, Clifton, TN, pro se.

Gustavus A. Puryear, IV, Nashville, TN, Tom Anderson, Anderson Law Firm, Jackson, TN, for Defendants–Appellees.

Before MARTIN and SUTTON, Circuit Judges; and QUIST, District Judge.*

*ORDER*

Michael Thomason, a pro se Tennessee prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Thomason sued a prison doctor (Coble), a prison nurse (Harvell), and the Corrections Corporation of America ("CCA"). Coble and Harvell were sued in their individual capacities. Thomason asserted that: 1) Coble refused to see him between February 15, 2002, and March 15, 2002, about his blood sugar and an open sore on his foot; 2) Harvell refused to check his blood sugar on February 23, 2002, until "made" to do so by security officers; 3) CCA was aware of these Eighth Amendment violations, but did not correct them; 4) Harvell violated his due process rights by writing him up and having him put in segregation for seven days; and 5) Harvell issued the disciplinary write-up in retaliation for his attempt to get medical care. The district court sua sponte dismissed the complaint pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim as to the first claim and as frivolous as to the remaining claims.

On appeal, Thomason reasserts his medical claims and his retaliation claim.

As an initial matter, we note that Thomason does not reassert his due process claim on appeal. Issues raised in the district court but not on appeal are considered abandoned and are not reviewable. *Kocsis v. Multi–Care Mgmt.,* 97 F.3d 876, 881 (6th Cir.1996). Thus, this claim will not be considered.

Upon de novo review, we conclude that the district court properly dismissed the remainder of the complaint. *See Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000); *see also Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Wright v. MetroHealth Med. Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995).

Thomason failed to state an Eighth Amendment claim as to either Coble or Harvell because he did not allege any detrimental effect from the delay or denial of treatment. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir.1996). By his own admission, he received some medical attention from the medical clinic for his blood sugar as well as his foot, although not by the person of his choice at the time of his choice. Thus, his dispute is over the adequacy of treatment and is, at most, a tort law matter more appropriately brought in state court. *See Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

The district court properly dismissed Thomason's claim against CCA because Thomason did not allege that his medical treatment, or lack thereof, was the result of any policy or custom of CCA. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Taylor v. Mich. Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995).

The district court properly dismissed Thomason's retaliation claim because Thomason pleaded guilty to the disciplinary write-up. If a prisoner violates a legitimate prison regulation, he is not engaged in constitutionally protected conduct, and cannot state a claim for retaliation. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.